(No. 11399.—Decree affirmed.)

GUY L. FITCH, Appellee, *vs.* SOL KING, Appellant.

*Opinion filed June 21, 1917.*

1. PARTNERSHIPS—*an agreement for partnership in real estate business is not within the Statute of Frauds.* An agreement for a partnership for the purpose of dealing and trading in lands for profit is not within the Statute of Frauds, and the existence of the partnership and the extent of each party's interest in it may be shown by parol.

2. SAME—*whether a partnership has been established is a question of fact.* Whether a partnership has been established by an oral agreement or the conduct of the parties is a question of fact depending entirely upon the testimony, and the Supreme Court will not be justified in reversing a decree finding that a partnership is established unless it is clearly against the weight of the evidence.

APPEAL from the Circuit Court of Massac county; the Hon. D. T. HARTWELL, Judge, presiding.

C. L. V. MULKEY, and H. A. EVANS, for appellant.

FRED R. YOUNG, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This litigation was begun by appellee, Guy L. Fitch, filing a bill against appellant, Sol King, for the settlement of an alleged partnership between them. The bill alleges that in 1905 the parties entered into a contract of partnership "for the purposes of buying, improving, selling and dealing in real estate." The contract was verbal and no time was agreed upon as to how long the partnership should con-

tinue. The terms of the partnership contract were that each of the parties should contribute one-half of the cost of the real estate purchased and improvements made thereon and share equally in the profits and losses. The bill alleges the partnership continued until November 11, 1915, on which day complainant notified defendant in writing that he had elected to withdraw from the partnership and dissolve the same. The bill alleges that at the time the partnership was dissolved the partnership owned seven pieces of property described in the bill, which it had purchased, improved and sold or contracted to sell. The title to the alleged partnership property was taken in the name of King, and he had the management of the property, the making of contracts for sale and rent and the collection of the rents. The answer denies the partnership, denies that defendant holds the title to any property in trust for complainant, and sets up and relies upon the Statute of Frauds as a defense to any claim that defendant holds the title to a one-half interest to the property described in the bill in trust for complainant. After hearing the cause the court entered a decree granting the relief prayed, and defendant has appealed.

The doctrine of resulting trust is not involved under the allegations of the bill, the theory of which is that the parties by verbal agreement entered into a partnership for purchasing, improving and selling real estate; that the parcels of property described in the bill were partnership property, as to which there had been no settlement between the parties before the dissolution of the partnership. An agreement for a partnership for the purpose of dealing and trading in lands for profit is not within the Statute of Frauds, and the existence of the partnership and the extent of each party's interest in it may be shown by parol. (*Speyer* v. *Desjardins,* 144 Ill. 641.) The decision of this case therefore depends upon whether the proof offered by appellee to establish the existence of the partnership and interest of the parties therein was sufficient to warrant the decree entered.

It is admitted by appellant that he and appellee, about the time the partnership agreement is alleged to have been made, did buy one piece of property, referred to in the record as the Trammel property, as partnership property, which they improved by building a house thereon and which they later sold. The proof shows that there were two other pieces of property in which appellant and appellee were jointly interested in buying, improving and selling. Said two pieces of property, referred to as the McDaniel and Woodruff properties, appellee claims were sold and the proceeds accounted for between the parties before the dissolution of the partnership and the bringing of this suit and are not involved in this litigation. Appellant denies that said two pieces of property were partnership property or that appellee ever had any interest therein. While that property is not involved in this case, its history has an important bearing in the determination of this controversy. Appellant and appellee were at the time of the formation of the alleged partnership both employed in the mill of the Metropolis Bending Company, appellee in the capacity of mill foreman and appellant in the capacity of yard foreman. Appellee testified they entered into a verbal agreement to buy, improve and sell lots and share equally in all the costs and expenses and the profits of the partnership. The first lot acquired after the making of this agreement was improved and sold to a man by the name of Trammel and is referred to as the Trammel property. Appellant admits this property was partnership property. Appellee testified the McDaniel and Woodruff properties were partnership property, and in this he is corroborated to such an extent by other witnesses as to warrant the conclusion that they were partnership property notwithstanding this is denied by appellant. Appellee testified that the seven pieces of property involved in this case as alleged partnership property were acquired from time to time in the same way as the other three lots not involved, and were improved,

rented, sold or contracted to be sold for the partnership account and benefit, and that the title to the property was taken in the name of King for convenience in conveying and disposing of it.

A part of the testimony heard by the chancellor was in the form of depositions, but appellant and appellee and a number of other witnesses testified orally in open court. The testimony of appellant and appellee was directly conflicting, and while the appellant's testimony was in some measure and upon certain questions corroborated by other evidence, on the question whether appellee owned any interest in the property his testimony was corroborated by that of witnesses who testified to statements made by the appellant, in substance, that appellee was jointly interested with him in the various pieces of property, and by the testimony of lumbermen from whom they purchased finishing lumber for houses built and paid for it in rough lumber which was the property of appellant and appellee. It is admitted they were partners in the log and lumber business.

No objection is made to the decree if the partnership, as alleged in the bill, was established. This is a question of fact depending entirely upon the testimony, and we would not be justified in reversing the decree unless it is clearly against the weight of the evidence and the court palpably erred in finding the existence of the partnership and that the property involved is partnership property. (*Williams* v. *Thwing Electric Co.* 160 Ill. 526; *Ennesser* v. *Hudek,* 169 id. 494; *Higgins* v. *Wisner,* 170 id. 220.) We are not convinced that the decree is so clearly and palpably contrary to the evidence that we would be justified in reversing it.

The decree of the circuit court is affirmed.

*Decree affirmed.*