## G. W. Johnson, Appellee, v. Ben Campanella, Appellant.

Heard in this court at the October term, 1941. Opinion filed March 2, 1942. Rehearing denied April 15, 1942.

HAROLD N. HARRISON, of Benton, and HUGH V. MURRAY, JR. and LESTER R. CARLSON, both of Centralia, for appellant.

WARD P. HOLT and JOHN B. KRAMER, both of Salem, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

The original suit herein was filed in the circuit court of Marion county, as a narr and cognovit action, by Joe Blalack, asking for a judgment in the sum of $6,946.50 against Ben Campanella, appellant (hereinafter designated as defendant), on a demand note, dated June 29, 1939, for $6,000, executed by Ben Campanella to A. F. Grohe, as payee, which note was indorsed by said Grohe and delivered to G. W. Johnson, appellee (hereinafter designated as plaintiff). After judgment was entered by confession, on motion of the defendant, the court permitted the case to be reopened and tried on its merits. After the institution of the suit and the reopening of the case, G. W. Johnson, having reacquired the note was substituted as plaintiff.

The case was tried before a jury which returned a verdict of $6,570. Judgment was entered thereon and this appeal followed.

Plaintiff's theory of this case, as evidenced by the testimony of G. W. Johnson, was that plaintiff acting as the attorney in fact for R. E. Davis, acquired a lease upon a piece of ground known as the Chitwood strip for approximately $20,000 and thereafter assigned a three-eighths interest in the lease to A. F. Grohe in exchange for which Grohe agreed to pay him $15,000, and agreed to drill an oil well on the leasehold. Thereafter Grohe assigned an undivided one-eighth interest in the lease to Ben Campanella, for which Campanella paid Grohe $6,000 in cash and made and executed a demand note in the sum of $6,000 and delivered same to Grohe.

Johnson and Grohe had purchased some leases near Keensburg, Illinois, upon which Grohe was indebted to Johnson in the sum of $10,000. Several notes were made by A. F. Grohe to Johnson and renewed, but never paid. Upon Johnson pressing Grohe for payment of this $10,000 indebtedness, Grohe asked him for

additional time and gave Johnson the $6,000 demand note as additional security for the payment of his indebtedness of $10,000. This note was transferred to plaintiff the last few days in January 1940, and was dated June 29, 1939.

Defendant's theory was that at the time Campanella executed the note involved in this suit, Grohe signed and gave to Campanella a letter acknowledging that there was to be no liability on the note until Grohe had completed a well on the Chitwood strip. No well was completed there and it is claimed that when, after the lapse of some six months Grohe indorsed the note and delivered it to plaintiff, that Johnson had full knowledge of the circumstances under which the note was delivered, and did not become a holder in due course thereof, and hence was not entitled to recover on the note.

It is the contention of counsel for defendant that plaintiff could not be held to be a holder in due course for the reason that the note was a demand note and was negotiated an unreasonable length of time after its issue; that as a matter of law, from the·facts and circumstances Grohe and Johnson were partners and all knowledge that Grohe had in relation to the note including the defenses to which the note was subject, must be imputed to Johnson.

Section 53 of the Negotiable Instruments Law (Ill. Rev. Stat. 1939, ch. 98, par. 73; Jones Ill. Stats. Ann. 89.073) provides: ''Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course.'' Section 192 (Ill. Rev. Stat. 1939, ch. 98, par. 215; Jones Ill. Stats. Ann. 89.215) of the same act provides: ''In determining what is a 'reasonable time' or an 'unreasonable time,' regard is to be had to the nature of the instrument, the usage of trade or business (if any), with respect to such instruments, and the facts of the particular case.'' Counsel for defend-

ant contend that it should be the judgment of the court that as a matter of law, in the absence of special circumstances, the negotiation of an instrument payable on demand more than six months from the date of its issue be regarded as a negotiation an unreasonable length of time after its issue, so that the taker of the instrument cannot be regarded as a holder in due course. Counsel for plaintiff insist that it is a question of fact for the jury.

It is a well-established principle of law in this State that what is a reasonable length of time is a question of fact for the jury. *Nagle v. J. L. Hanson Co.*, 262 Ill. App. 160; *Jefferson Trust & Savings Bank v. Heller & Son, Inc.*, 305 Ill. App. 644. In the latter case which is cited by defendant, the court said, ''There is no precise time when as a matter of law a demand note should be deemed to be dishonored. Under the evidence found in this record, we are unable to say that the jury were not warranted in finding that a reasonable time had elapsed at the time appellant became the owner of the original note and therefore not a holder in due course.''

*In re Estate of Philpott*, 169 Iowa 555, 151 N. W. 825, it was held that whether a demand note had been negotiated an unreasonable time after issue so that the holder was not one in due course, is a question for the jury. To the same effect is the holding of the Supreme Court of Connecticut in *Tomlinson Carriage Co. v. Kinsella*, 31 Conn. 268. The general proposition of whether or not plaintiff was a holder in due course was a question for the consideration of the jury. *Renfrow v. Kramer*, 341 Ill. 398, 173 N. E. 390; *Foncannon v. Lewis*, 327 Ill. 455.

Correlated to the proposition, as to whether or not plaintiff took the note without notice of the agreement between Campanella and Grohe, is the question of a partnership existing between plaintiff and Grohe, for a principal is chargeable with and is bound by the knowledge of, or notice to, his agent received while

the agent is acting within the scope of his authority and which is in reference to a matter over which his authority extended. *United States Cold Storage Co. v. Central Mfg. Dist. Bank,* 343 Ill. 503; *Mullanphy Sav. Bank v. Schott,* 135 Ill. 655; *Stimpson Computing Scale Co. v. Ehmsen,* 246 Ill. App. 271. A partnership may be established, if there be no written agreement, by the conduct and declaration of the parties. The *State Nat. Bank of Springfield v. Butler,* 149 Ill. 575. However, whether a partnership has been established by an oral agreement or by conduct of the parties is a question of fact. *Fitch v. King,* 279 Ill. 62; *Field v. Crawford,* 146 Ill. 136. In the instant case these questions were properly submitted to the jury, there being no error assigned as to instructions, and under all the facts and circumstances as shown by this record, we do not feel that the finding should be disturbed. The court did not err in refusing to direct a verdict for defendant.

We find no reversible error in the admission or rejection of testimony, as complained of by defendant. The trial court might well have sustained the objection to some of the testimony of plaintiff, as to conversation between him and Malan of the City National Bank, and as to information imparted to Malan by the banker at the Steeleville Bank, as hearsay, but we do not regard the admission of this testimony as sufficiently prejudicial to justify a reversal of this cause upon that ground alone. In our opinion while this record is not entirely free from errors, there was no reversible error committed by the trial court in the admission or rejection of evidence.

The jury saw and heard the witnesses, were in a position to observe their demeanor and conduct while upon the witness stand, and to judge of their credibility. The controverted questions in this case were questions of fact for the determination of the jury. By their verdict the jury determined those issues in

favor of the plaintiff and we are not inclined to hold that their finding was contrary to the manifest weight of the evidence. Where a fair question of fact is raised by the proof, an Appellate Court will not set aside the jury's finding as being against the manifest weight of the evidence. *Summers v. Hendricks,* 300 Ill. App. 498; *Jones v. Esenberg,* 299 Ill. App. 551; *Gregory v. Merriam,* 294 Ill. App. 483.

Finding no reversible error the judgment of the trial court will be affirmed.

*Affirmed.*