Albert R. Young and Margie E. Young, Plaintiffs-Appellants, Counter-defendant-Appellant, and Defendant to Intervening Petitioner-Appellant, v. Charles N. Miller, Defendant-Appellee, and Counter-claimant-Appellee, and Ellyn R. Miller, Intervening Petitioner-Appellee.

Gen. No. 66–59.

Third District.

February 21, 1967.

Joseph L. Phelan, of Fort Madison, Iowa, and Samuel J. Naylor, of Carthage, for appellants.

Johnson, Phelan & Tucker, of Fort Madison, Iowa, and Vilas C. Rice, of Carthage, for appellee.

STOUDER, P. J.

Albert R. Young and Margie E. Young, Plaintiffs-Appellants, commenced this action in the Circuit Court of Hancock County for damages resulting from the alleged negligence of Defendant-Appellee, Charles N. Miller, in the operation of his automobile. Defendant Miller by counterclaim and Defendant's wife by intervening petition, sought damages against Margie Young alleging the latter's negligent operation of her automobile. Verdicts of the jury were returned in favor of Charles Miller and Ellyn Miller against Margie Young for $22,500 and $5,000 respectively, and the jury found against Plaintiffs on their complaint, the trial court entering judgments on such verdicts. Plaintiffs appeal from such judgments.

Plaintiff, Margie Young, was operating a motor vehicle in a westerly direction on highway 96. About one-half mile west of Dallas, Illinois, Plaintiff's automobile was involved in a head-on collision with an automobile being operated by Charles Miller in which his wife Ellyn Miller was a passenger. It was snowing, gusty and the pavement was partially covered with snow and slush and probably slippery. The evidence is conflicting as to which vehicle crossed the center line.

In seeking a reversal of the judgments of the trial court Plaintiffs contend that the court erred in refusing

Plaintiffs' instructions on unavoidable accident and sudden emergency, that the court unduly restricted the cross-examination of one of Defendants' witnesses, that improper evidence of impeachment was admitted into evidence and that no instruction concerning purported impeachment was given to the jury.

We shall first consider Plaintiffs' contentions that improper evidence of impeachment was introduced and that the trial court failed to properly instruct the jury in this regard. Plaintiffs argue that Margie Young was questioned on cross-examination on several occasions about contradictory statements which she was alleged to have made to her husband and to a state trooper. Neither the husband nor the state trooper although present during the trial was questioned with respect to such alleged contradictory statements.

The initial question presented by Plaintiffs' argument is whether such error is in fact preserved for review. Chap 110, § 68.1 (2) Ill Rev Stats 1965, provides in part ". . . The post trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, . . . ." Said subsection also provides in part ". . . a party may not urge as error on review of the ruling on his post trial motion any point, ground or relief not particularly specified in the motion."

Plaintiffs insist that paragraph 13 of their motion for a new trial is sufficient to preserve this error for review. Paragraph 13 is as follows, "In the whole record, the combination of occurrences at the trial, the nature and character of the evidence, and its great preponderance in Defendant's favor, the Court should in its discretion order a new trial before a different jury." In Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209, a paragraph in the post-trial motion alleged "The court erred in admitting improper evidence offered by the Defendant at the trial of said cause over the objection of Plaintiff." In Perez the court ruled that such allega-

tion was insufficient to authorize the reviewing court to consider any specific errors with respect to the admissibility of evidence.

■■■■ The purpose of a post-trial motion is to direct the attention of the court to errors which may have occurred during the course of the trial and thus enable the court to correct such errors. It is also clear that if errors relied upon are of such little significance that their inclusion in a motion for a new trial was not deemed warranted, claims of an unfair trial based thereon, are without legal substance on appeal. We conclude that the motion for new trial failed to apprise the trial court of the error now relied upon and such error if any need not be considered on appeal. For the same reasons consideration of Plaintiff's contention that the court erred in failing to give an instruction on impeachment is unnecessary, such objection not having been made in the post-trial motion.

■■■ We shall next consider Plaintiff's assignments of error which are contained in this post-trial motion and renewed in this court, namely that the court erred in refusing Plaintiff's instructions on unavoidable accident and sudden emergency. We believe the trial court properly refused these instructions. The drafters of the Illinois Pattern Instructions in section 12.02, dealing with sudden emergency, and section 12.03, dealing with unavoidable accident, recommend that no instructions be given on these subjects. The drafting committee concluded that although such instructions had frequently been given in the past they are argumentative, tend to confuse the jury, are in fact included within the concept of negligence and proximate cause and are likely to result in reversible error. According to the committee such matters are more appropriately a matter of argument by counsel and the concept of "accident" or "unavoidable accident," having a peculiar meaning in law not apparent to a layman, in-

467

struction thereon should only be given under exceptional circumstances. An instruction on unavoidable accident is not properly given where there is evidence of negligence. Streeter v. Humrichhouse, 357 Ill 234, 191 NE 684 and Williams v. Matlin, 328 Ill App 645, 66 NE2d 719.

██ In the instant case each party alleged the other to be negligent, offered instructions in support of such allegations and argued that the evidence supported his view of the case. The Plaintiff in affirmatively asserting the existence of sufficient evidence to support a finding of Defendant's negligence cannot complain when an instruction, dependent on the absence of evidence of negligence, is refused. We find no evidence in the record warranting the giving of an instruction on sudden emergency. Minnis v. Friend, 360 Ill 328, 196 NE 191. The instructions on negligence and proximate cause adequately included Plaintiff's theory of the case.

Lastly, Plaintiff argues that his cross-examination of Dr. Archibald, a witness for the Defendant, was unduly restricted thereby depriving him of a fair trial. Dr. Archibald, in testifying in behalf of the Defendants, described his examination and treatment of Defendant and Defendant's wife, commencing with their admission to the hospital on the date of the incident, and further described the nature and extent of their injuries. During his direct examination the witness was asked the following questions and gave the following answers, "Q. Did Charles Miller give you any history as to a loss of memory of how he received the injuries? A. No, may I qualify that? Q. Yes. A. In an injury like this, a person is seen injured and the doctor doesn't necessarily question too much how the injury occurs. Even in our records we will put down the history as being non-contributory because we are interested in taking care mainly of the medical problem at hand, and where a

car accident is involved, we frequently don't question too much about what actually happened. In this case, I don't believe I did." In cross-examination the witness was asked, "I believe you testified that you talked to Mr. Miller and Mr. Miller gave you a history of the accident. Did Mr. Miller say anything to you about his automobile being picked up by the wind and thrown in the path of Mrs. Young's automobile?" Objection to the foregoing question was sustained by the trial court and the witness did not answer the question.

 The general rule is that cross-examination of a witness should be confined to matters brought out upon the direct examination. Muscarello v. Peterson, 20 Ill2d 548, 170 NE2d 564. The latitude to be allowed in cross-examination rests largely within the discretion of the court. McCray v. Illinois Cent. R. Co., 12 Ill App2d 425, 139 NE2d 817. The principal purpose of cross-examination is to enable the opposing party to elicit such facts as might tend to diminish or affect the credibility of the direct testimony. Since it is the effect of direct testimony which is involved, cross-examination must therefore bear some reasonable relationship to such direct testimony.

 Both parties concede that Dr. Archibald misunderstood the question relating to the history of loss of memory, his qualification to his negative answer indicating that he considered the question referred only to a history of the accident. In his qualifying answer Dr. Archibald indicated that the injuries were clear and apparent, that a history was not required and that he did not believe one had been taken. Nowhere in the witness's testimony does he refer to any account of the accident given to him by Mr. Miller nor is any of his testimony dependent either expressly or by implication on an account of the injury. Under such circumstances the question on cross-examination asked by Plaintiff could

have no effect on the credibility of the Doctor's testimony. On direct examination Dr. Archibald denied that a history of the accident had been given to him by Mr. Miller. The first sentence of the Plaintiff's question on cross-examination was a flat statement that Dr. Archibald had received a statement from Mr. Miller regarding the circumstances surrounding the accident. The trial court did not abuse its discretion by sustaining the objection to this question, as this question on cross-examination was clearly contradictory to the testimony that had been given by Dr. Archibald under direct examination. If the Plaintiffs wish to question Dr. Archibald about the fact of having received a history of the accident from Mr. Miller, the Plaintiffs, on cross-examination, should have asked Dr. Archibald, "Did you receive a history of the accident from Mr. Miller?" In fact, the innuendo created by the question, unsupported by any other evidence that such a statement was made, might be deemed to have prejudiced the Defendant. The trial court did not abuse its discretion in sustaining the objection to such cross examination.

For the foregoing reasons the judgments of the Circuit Court of Hancock County are affirmed.

Judgments affirmed.

ALLOY and CORYN, JJ., concur.