ELEANOR WALTERS, Plaintiff-Appellant, *v.* ROBERT TAYLOR, Defendant-Appellee.

First District (5th Division) No. 61680

Opinion filed March 12, 1976.

Sandman, Levy & Moltz, of Chicago (Morris A. Levy, of counsel), for appellant.

Schaffenegger & Watson, Ltd., of Chicago (Jack L. Watson, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

In this personal injury action, a jury found for the defendant in a general verdict and answered a special interrogatory that plaintiff was guilty of contributory negligence. On appeal, plaintiff contends that (1) the court erred (a) in not granting a mistrial because of remarks made by defendant's counsel during his opening statement; and (b) in admitting the opinion testimony of a defense witness; and (2) the verdicts were against the manifest weight of the evidence.

The record disclosed that plaintiff was a pedestrian, crossing Addison Street from north to south in the east crosswalk of Odell Avenue, when she was struck by defendant's westbound automobile. Plaintiff testified that when she was at the northeast corner of the intersection, she observed defendant's vehicle approaching in the inner lane, about a full city block away. She then started to cross Addison, and when she was about three or four feet into the street she again looked to her left and saw defendant's car "coming to the next corner." (The exhibits show that the next street was a half city block to the east.) She continued to walk south, and when she was near the center line of Addison she was struck by the front of defendant's car.

Defendant testified he was driving westbound in the inner lane of Addison at a speed of between 18-22 m.p.h. He first saw plaintiff standing at the northeast curb when he was one to one-half car lengths from the east crosswalk. He stated that plaintiff then darted into the street in a southeasterly direction and into the path of his vehicle. He applied his brakes, and at the time his car struck her he wasn't sure whether she was walking or running but stated that she may have been in the crosswalk. The impact threw her upon the hood of his car, which came to a stop in the intersection and still in the inner westbound lane.

Stanley Lichon, called as a witness by defendant, stated that he was driving north on Odell and had come to a stop for the stop sign at Addison. He observed plaintiff walking to the southeast curb of the intersection and then he saw defendant's car approaching the intersection at a speed of about 20-25 m.p.h. Defendant's car was then approximately three or four houses east of the east crosswalk—each house lot being 30 to 40 feet wide. Then, as the witness turned to look in the other direc-

tion, he heard a "thud" and, upon looking back, saw defendant's car come to a stop in front of him with plaintiff on the hood.

OPINION

Plaintiff first contends that certain remarks of defendant's counsel in his opening statement were improper and prejudicial. The jury was told that immediately after the occurrence Lichon had said to defendant, "What's she trying to do, commit suicide?" This remark was objected to, and a motion was made that the jury be instructed to disregard it. The trial judge, in denying a mistrial, stated he could not determine the admissibility of the comment at that time because all of the facts were not then available, but he did instruct the jurors to disregard the remark and also told them that statements of counsel were not to be considered as evidence but merely what the attorneys believed the evidence would be. Nonetheless, plaintiff contends that the prejudicial error of the remark was not cured by admonishing the jury to disregard it, and that a mistrial should have been granted. Defendant, on the other hand, argues that the statement should have been admitted under the excited utterance exception to the hearsay rule but, in any event, that the corrective action of the trial judge removed any possible prejudicial effect of the remark.

■■ The determination of whether statements of counsel are prejudicial is within the sound discretion of the trial court, and its ruling will not be disturbed unless there is a clear abuse of that discretion. (*Johnson v. Cunningham*, 104 Ill. App. 2d 406, 244 N.E.2d 205.) The reason for this rule is found in the superior opportunity of the trial judge to observe the impact of the comments on the jury. While remarks of trial counsel may be of such a prejudicial nature as to require a reversal despite corrective action of the trial judge (*Gordon v. Checker Taxi Company*, 334 Ill. App. 313, 79 N.E.2d 632), from our review of the record, we believe the circumstances here are more closely analogous to those in *Martin v. Kralis Poultry Co.*, 12 Ill.App.3d 453, 297 N.E.2d 610, and in other cases wherein the corrective action of the trial court was held to be curative of objectionable remarks of trial counsel. See, e.g., *Johnson v. Chicago Transit Authority*, 11 Ill. App. 3d 16, 295 N.E.2d 573; *Daemicke v. Chicago Transit Authority*, 5 Ill. App. 3d 758, 284 N.E.2d 362; *Debolt v. Wallace*, 56 Ill. App. 2d 380, 206 N.E.2d 469; *Vasic v. Chicago Transit Authority*, 33 Ill. App. 2d 11, 180 N.E.2d 347; *McCorkel v. Pennsylvania R.R. Co.*, 32 Ill. App. 2d 193, 177 N.E.2d 369.

In the instant case, it appears that the court told the jurors, prior to opening statements, that the attorneys would tell them "what they think the evidence is going to be" and also that "what they say, of course, is

not evidence." Furthermore, defendant's counsel, as he began his opening statement, said "I should caution you that what I say is not evidence." The record further reflects that an objection to the remarks was tentatively sustained pending a final determination of their admissibility; that the jury was instructed to disregard the statement and was again cautioned that statements of attorneys were not to be considered as evidence; and, finally, we note that the remarks were not repeated. In view thereof, we cannot say that the trial judge, who was in a better position to observe the effect of the statement on the jury, abused his discretion in refusing to grant plaintiff's motion for a mistrial.

Because of this finding, we need not consider defendant's contention that the statement was admissible as an excited utterance exception to the hearsay rule.

Plaintiff next contends that the court erred in the admission on redirect examination of an opinion by defendant's witness, Lichon, on an issue of ultimate fact. On direct examination, the witness estimated defendant's car to have been between three to four house lots east of the intersection when he observed plaintiff standing at the corner and that the house lots were 30 to 40 feet wide. On cross-examination, plaintiff developed from a prior statement given by the witness that he had said the car was "a couple or a few hundred feet away" at this time. On redirect examination, defendant's counsel—ostensibly to rehabilitate the witness, read from the same prior statement as follows:

'Q. Were you also asked this question and did you make these answers, on page 22.

'Q. Do you think he was east of Octavia?

A. No, I don't believe he would be that far away.

Q. How many house lengths would you say the westbound car had been east of that intersection when you last saw the woman on the curb and the car for the last time?

A. I don't know. I would say it would be close to the middle, between those two streets.

A. About the center?

A. As far as judging, me being at the curb, to tell you truthfully, it would be too close for me to walk across.' "

Plaintiff's motion to strike the last answer and that the jury be instructed to disregard it was denied.

Defendant's position is that the answer was proper because it tended to explain a portion of the cross-examination wherein his witness was impeached. Plaintiff argues that the trial court "abused its discretion in permitting the defendant to rehabilitate his witness by the use of that witness' opinion on the ultimate fact of contributory negligence." Thus,

although recognizing the right of defendant to rehabilitate the witness by reading other portions of the statement, plaintiff argues that the right should be limited to facts in the statement and not to opinions on ultimate facts.

■■ Where a witness has been impeached by proof that he has made a prior inconsistent statement, the entire statement may be used to qualify and explain the inconsistency and rehabilitate himself. (*People v. Hicks*, 28 Ill.2d 457, 192 N.E.2d 891.) However, the admission of any such evidence is necessarily proscribed by the requirements of relevance and materiality. Here, it is our belief that the first two questions and answers thereto had relevance in explanation of the apparent inconsistencies in his testimony with respect to the position or the location of defendant's car when he first observed it; however, we are also of the belief that the last answer, in which the witness stated "it would be too close for me to walk across," was an opinion of the witness which was not in explanation of the apparent inconsistency of his location of the car when first observed. It appears to us that the facts here are analagous to *Stefan v. Elgin, Joliet & Eastern Ry. Co.*, 2 Ill. App. 2d 300, 120 N.E.2d 52, where it was held objectionable to ask the opinion of a motorist as to whether he had plenty of time to leave his car after he saw a train approaching. In view thereof, we think that the opinion answer of Lichon was improperly admitted.

It seems to us, however, that this one inadmissible answer does not constitute reversible error. (See *Kosowski v. McDonald Elevator Co.*, 33 Ill. App. 2d 386, 394, 179 N.E.2d 469.) We reach this conclusion because (1) the answer of Lichon offered only his personal opinion that he could not have safely crossed the street; (2) even absent the statement of Lichon, plaintiff's own testimony was sufficient for the jury to have found her guilty of contributory negligence because she testified that she saw defendant's car a full city block away at a time when she was at the curb and she next looked for his car when she was 3 or 4 feet into the street, when she saw it a half city block away. Thus, even under her own version of the incident, the distance of one-half block that she claimed the car traveled while she walked only a few steps should have indicated a danger because of excessive speed; nevertheless, she continued to walk across the street, not looking again to see the position or judge the speed of the car prior to being struck; (3) the testimony of defendant that she darted into the path of his car was corroborated to some extent by the testimony of Lichon that defendant was traveling only 20-25 m.p.h. and that after the impact defendant's car stopped within the intersection and still within the inner lane of traffic; (4) it

does not appear that the opinion of Lichon was repeated during the trial or mentioned during closing arguments.

■■■ Error in the admission of evidence does not require a reversal where there has been no prejudice (*Fugate v. Sears, Roebuck & Co.*, 12 Ill. App. 3d 656, 299 N.E.2d 108) or where the evidence has not materially affected the result (*Keil v. McCormick*, 5 Ill. App. 3d 523, 284 N.E.2d 672). Here, in the light of the foregoing, it appears to us that this inadmissible answer did not materially affect the jury's verdict and that its admission consequently was not reversible error.

■■ Plaintiff's final contention is that the verdicts were against the manifest weight of the evidence. In order for a court to so determine, an opposite conclusion must be clearly evident or the jury's verdict palpably erroneous and wholly unwarranted from the manifest weight of the evidence. (*Vasic.*) Plaintiff argues that the verdict here should not be permitted to stand because the defense portrayal of the occurrence presents a physical impossibility. She points out that defendant testified he first saw plaintiff when he was about two car lengths from the intersection, which would have required her to have crossed 10 feet of the outer lane and one-half of the inner lane of Addison while defendant traveled the approximately 32- to 34-foot distance at a rate of 26 to 32 feet per second (based upon a speed of 18-25 m.p.h.) In order to accomplish this, she would have arrived at the point of impact in less than 2 seconds—which she contends was impossible. Defendant, on the other hand, contradicts this argument by noting that because he applied the brakes, the impact occurred 2 to 3 seconds after he saw plaintiff begin to dart into the street. He refers to a table in evidence to show that a person proceeding at 5 m.p.h. would travel 14 feet in 2 seconds and, on that basis, he claims that plaintiff could easily have reached the point of impact within this time frame. We note that these arguments were made to the jury which apparently rejected plaintiff's version. In any event, the record discloses that both parties presented evidence tending to support their own versions of the accident, and we cannot say that the verdict was unwarranted. See *Vasic.*

For the reasons stated, the judgment is affirmed.

Affirmed.

BARRETT and DRUCKER, JJ., concur.