MORTON Z. OLKEN, Plaintiff-Appellee, *v.* LEON D. OLKEN, Defendant-Appellant.

First District (4th Division)   No. 79-275

Opinion filed March 20, 1980.—Rehearing denied April 15, 1980.

Coghlan, Joyce & Nellis, of Chicago (William J. Nellis and Thomas C. Nyhan, of counsel), for appellant.

No brief filed for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a jury trial plaintiff, Morton Olken, was awarded $15,570.79, plus costs and "charges" based on a promissory note signed by his cousin Leon Olken, the defendant herein. Defendant appeals, contending that (1) the promissory note was incomplete when he signed it, and it was not completed within a reasonable time as a matter of law; that (2) the trial court erred in excluding the introduction of a transcript of testimony of a person who testified before a State administrative hearing; and that (3) certain written exhibits presented by plaintiff were improperly introduced into evidence. Plaintiff has not filed a brief, but this does not affect our disposition. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The instrument in question was a standard promissory note with blank spaces to be completed. The note recited the pertinent following information:

"$ *17,570.79*     *May 1, 1961* 19 ___ *On Demand* after date, for value received, the undersigned promises to Pay to the order of *Morton J. Olken* at *Chicago, Illinois*, the sum of *Seventeen Thousand Five Hundred Seventy 79/100* Dollars, with interest at the rate of *6* percent per annum after *May 1, 1967* until paid."

The remainder of the note contained the usual confession of judgment clause and then defendant's signature.

In mid-1973, plaintiff confessed judgment against defendant for $22,935.58, which included the principal amount of $15,570.79 plus interest and attorney's fees. Thereafter defendant successfully opened the

judgment (Ill. Rev. Stat. 1973, ch. 110A, par. 276), and the matter was set for a jury trial.

At trial plaintiff, who had a prior conviction for Federal mail fraud and misdemeanor conviction for violating State law pertaining to the sale of insurance, explained the circumstances surrounding the execution of the promissory note. Plaintiff testified that he was an insurance agent and that he made a series of loans to defendant from 1960-1967. Plaintiff asserted that he made certain premium payments to insurance companies on behalf of defendant's used-car business; these loans totalled almost $10,000. In addition, plaintiff advanced several hundred dollars to defendant to pay a hotel bill. The final loans made to defendant involved monies to repay defendant's "juice loan" and $6,620 to purchase certain television sets. Plaintiff testified that it was the last transaction which occasioned his use of the promissory note for plaintiff's "protection." Therefore defendant signed the note in which the blank spaces were not completed, although plaintiff said the parties agreed that interest would be payable in the amount shown on the note. Plaintiff then gave defendant the money to buy the television sets which were later found to be stolen and seized by the authorities.

Plaintiff explained that defendant had only repaid $2,000 of the amount owed. In 1973 defendant issued three checks to plaintiff totalling $1,000. On two of these checks defendant had written that the checks were payment on his account due. Plaintiff then contacted an attorney who filled in the blank spaces on the note with plaintiff's name as payee, the amount of the note, the time repayment was due, and the rate of interest thereon. This action was then commenced.

Conversely, defendant testified that he had obtained several small loans from plaintiff but had paid all the money back. He recalled that he signed the promissory note, which did not have the spaces filled in, between 1958 and 1962 because he owed plaintiff about $1,000, and plaintiff wanted to be protected. Plaintiff later said the note had been lost. Defendant explained, however, that he gave plaintiff $1,000 in 1973 because he felt a moral obligation toward plaintiff. Defendant denied being a recipient of a "juice loan" or being involved with stolen television sets.

Defendant notes that the evidence irrefutably shows that the promissory note was not completed until mid-1973, 6 years after he purportedly signed it. In defendant's written motion for a directed verdict, which was incorporated by reference into his written post-trial motion, defendant asserted that the note was not completed within a reasonable time as a matter of law. Defendant repeats this contention relying on section 3—115(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—115) which reads:

"§3—115. Incomplete Instruments.

(1) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed."

He also refers to the Code Comment which indicates that completion of the instrument must occur within a reasonable time unless a time limit is otherwise set. Ill. Ann. Stat., ch. 26, par. 3—115, Uniform Commercial Code Comment, at 67 (Smith-Hurd 1963).

Defendant now urges that before completion of the note in 1973 plaintiff's action would have been premised on an oral contract and it would have been barred by the 5-year limitation for enforcement of oral contracts. (Ill. Rev. Stat. 1973, ch. 83, par. 16.) Defendant asserts that his signature on the note did not add any degree of certainty to the "true state of the transaction," and the note cannot therefore be relied upon to increase the limitation period to 10 years for written instruments. Ill. Rev. Stat. 1973, ch. 83, par. 17.

■ Section 3—115(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1973, ch. 26, par. 3—115(2)) provides that "the burden of establishing that any completion is unauthorized is on the party so asserting." Defendant, however, does not argue that he has properly shown that the completion of the note in the terms heretofore set forth was unauthorized. And by implication it is assumed that the instrument was thereby later filled out in accord with the parties' agreement. (*Hutcheson v. Herron* (1970), 131 Ill. App. 2d 409, 413, 266 N.E.2d 449.) Nor does defendant contest the sufficiency of evidence to support the verdict based on the principle of law enunciated in *Hutcheson*, which was contained in the jury instructions pertaining to the question of an unauthorized completion of the terms of the present instrument. The jury obviously found that the instrument was properly completed, and that decision is not manifestly erroneous. We also note that the jury was instructed that the plaintiff would have to complete the instrument within a reasonable time which it also implicitly accepted.

■ As reflected by section 3—115(1), it is not an uncommon practice to sign a negotiable instrument which does not set forth the complete terms of the agreement at that time. The effect of later proper completion of the negotiable instrument demonstrates that it is to be given the effect of a written contract. It is not an agreement which is partially oral and written thereby allowing it to be treated as an oral agreement (see *Mowatt v. City of Chicago* (1920), 292 Ill. 578, 582, 127 N.E. 176) with a 5-year limitation period as defendant suggests.

Whether the instrument is completed within a reasonable time seems

more appropriately characterized as a question of fact to be decided by the jury. (*Johnson v. Campanella* (1942), 314 Ill. App. 7, 10, 40 N.E.2d 905.) In this case defendant does not argue that he was in any manner prejudiced by the 6-year delay in the context of fully preparing his defense.[1] We therefore reject defendant's contention.

Defendant urges that reversible error was committed when the trial court precluded introduction of a deposition of Bernard Schwartz, a licensed insurance agent, who testified at an administrative hearing in 1969 before the Illinois Department of Insurance. The gist of his testimony was that in early 1967, he and plaintiff entered into an arrangement. Schwartz, however, denied knowledge of any subsequent activities by plaintiff which apparently involved the establishment of an insurance agency. This apparently occurred at a time when plaintiff was not authorized to deal with insurance matters. Defendant now says that plaintiff's conduct, as evidenced by Schwartz' testimony about plaintiff's wrongful acts, would have shown plaintiff's intent with regard to the promissory note because it would have reflected on plaintiff's misuse of papers entrusted to him after their execution. We reject this contention.

■ The introduction of evidence rests within the trial court's discretion. Its decision will not be set aside unless a clear abuse of discretion is shown. (*Fullerton v. Robson* (1978), 61 Ill. App. 3d 93, 96, 377 N.E.2d 1044.) The introduction of the Schwartz matter before the jury would have interjected an entirely new situation which was not related remotely to the incident in question. To this degree the present case is comparable to *Fullerton v. Robson*, where this court commented that to prevent the " 'evil of confusion' " the trial court should have excluded evidence of a pending antitrust suit instituted by the State during the trial of an action for breach of contract between private parties. Here, the trial court properly rejected defendant's offer of the Schwartz' deposition.

■ Finally, defendant argues that certain written exhibits were erroneously admitted into evidence. Defendant disputes three groups of evidence. The first group was several worksheets prepared by plaintiff in 1973, itemizing the loans made to defendant; the second item of disputed evidence was a copy of a 1963 handwritten memorandum by plaintiff to an insurance company indicating plaintiff was advancing money to cover defendant's insurance premiums; and the final group consisted of two loan payment books from a Chicago bank in 1960, where plaintiff said he had paid back parts of the loans secured by defendant for the purpose of paying insurance premiums.

---

[1] At the time defendant signed the note in 1967, he was with plaintiff and the man who was selling the stolen television sets. This man had died during the interim, but in any event it seems unlikely he would have provided any information regarding the circumstances surrounding execution of the note.

Even if defendant's contention is accepted as correct, we do not believe that reversible error occurred. Plaintiff testified about each matter and was thereby subject to cross-examination on each item. Plaintiff also had direct knowledge of each item of disputed evidence. Thus other competent evidence existed irrespective of any claimed irregularity now advanced by defendant. See *Walters v. Taylor* (1976), 36 Ill. App. 3d 934, 939, 344 N.E.2d 765; *Jacobs v. Holley* (1972), 3 Ill. App. 3d 762, 764, 279 N.E.2d 186.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

LINN, P. J., and JIGANTI, J., concur.