**Gerald Schusler, Plaintiff-Appellant, v. Nelson M. Fletcher, Defendant-Appellee.**

**Gen. No. 65–94.**

Second District.

August 30, 1966.

Joseph B. Gilbert, of Chicago, for appellant.

Gates W. Clancy, of Geneva, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Plaintiff while riding as a guest passenger in an automobile owned and driven by defendant was injured when defendant lost control of his automobile and hit a tree. Suit was filed in Kane County Circuit Court charging defendant with wilful and wanton misconduct in the operation of the automobile, and from a jury verdict of not guilty plaintiff appeals.

During the trial plaintiff testified that about 10:00 o'clock p. m. on December 30, 1961, he went to Big Lee's Tavern on Wilson Street in Batavia, had some beer and was playing a bowling machine with some other customers. About midnight he observed defendant, greeted him and joined him at the bar. They each purchased and consumed a round of beers.

Plaintiff stated on direct examination that about 1:30 a. m. he started to leave the tavern and defendant offered him a ride home; that they left the tavern about 1:45 a. m. in the defendant's Corvette automobile with the defendant driving; that they drove East on Wilson Street and as they reached McChesney Street where plaintiff lived, defendant did not stop but kept going although plaintiff tried to get out. Defendant continued on Wilson Street to Route 59 over plaintiff's objection, and then turned North on Route 59 and proceeded at about seventy miles per hour toward the City of West Chicago. Defendant slowed down slightly going through West Chicago and after reaching the north city limits was traveling as fast as seventy-five miles per hour. Plaintiff further testified that he repeatedly requested the defendant to slow down and stated that the highway was icy and the weather was cold and foggy. As they approached a particular curve the car went off the road, through a snowbank, traveled one hundred feet and struck a tree. Plaintiff was knocked unconscious and was subsequently taken to a hospital for treatment of his injuries.

On cross-examination plaintiff admitted that while he was hospitalized he was interviewed by an investigator and told the investigator that he and the defendant had not been to any tavern, had no drinks; that the defendant was a good driver; that he had never complained about defendant's driving; that they were just going to ride around in Elgin; that another car was coming around the curve against them and, that the defendant was going between forty-five and fifty-five miles per hour when the accident occurred.

On redirect examination plaintiff swore that his testimony on direct examination was the truth. He also stated that the investigator who talked to him in the hospital was an insurance investigator for an insurance company, and what he told the investigator was not true. These questions and answers ensued:

"Q. Why was it that you told this investigator something you knew wasn't true?

Mr. Clancy: I object to that.

The Court: Sustained. Why is it material?

Mr. Gilbert: I want to explain this contradiction.

The Court: That is for the jury to decide."

No offer of proof as to what the plaintiff would have said in response to the question was made.

The proofs offered by the defendant consisted solely of the defendant adopting his own testimony given under section 60 of the Civil Practice Act during the plaintiff's case and the introduction in evidence over plaintiff's objection of plaintiff's complaint in a dramship action arising out of the same accident.

Appellant urges in this appeal that error was committed by the trial court in prohibiting him from explaining his reason for having made false answers to the insurance investigator and in admitting in evidence over

his objection the complaint filed by him in a dramshop action arising from the same accident and permitting defendant to read it to the jury.

■ ■ With reference to the first ground urged, it has long been the rule of law that where a witness is impeached by contradictory statements, a party calling the witness is entitled to show the circumstances under which the contradictory statements were made and to explain the reason therefor. Atchison, T. & S. F. R. Co. v. Feehan, 149 Ill 202, 215, 36 NE 1036 (1893); Walther v. Chicago & A. R. Co., 188 Ill App 221, 226 (1914); The People v. Hicks, 28 Ill2d 457, 463, 192 NE2d 891 (1963), and Forslund v. Chicago Transit Authority, 9 Ill App2d 290, 299, 132 NE2d 801 (1956). For this reason the subject matter of the question propounded to his client by plaintiff's counsel was material and the trial court erred to the extent that it ruled that the question was not material, and that it was for the jury to decide.

■ ■ An offer of proof is necessary where there is no other satisfactory indication to the trial judge, opposing counsel, and the reviewing court as to the substance of the proof to be made. The People v. Hoffee, 354 Ill 123, 140, 188 NE 186 (1933). However, an offer of proof is unnecessary whenever the trial judge understands the objection and character of the evidence but will not admit such evidence. Gore v. Henrotin, 165 Ill App 222, 227 (1911). We feel such is the case at bar.

The second ground for appeal relates to the admission of the complaint in a dramshop action arising out of the same state of facts. Plaintiff argues that the dramshop complaint was not admissible either by way of impeachment or as an admission and was in any event irrelevant.

On the other hand, the defendant urges, first, that the error is not properly preserved in the post-trial motion and in this appeal and, secondly, that no error occurred.

253

Considering first the procedural question it appears that in the post-trial motion plaintiff alleged as error the following:

> "The court erred in overruling plaintiff's objection to counsel for the defendant reading to the jury the complaint filed by the plaintiff in another action against another defendant arising from the same accident, which complaint was later, and before the trial of this cause, dismissed."

This same error on appeal is referred to in appellant's brief, as follows:

> "The complaint in a dramshop case alleging that the defendant in the case at bar was intoxicated at the time of the accident, was not admissible in evidence either by way of impeachment or as an admission, and was in any event irrelevant."

Defendant urges that there is a distinction between the two allegations of error. We do not agree. We feel that the question of the admission and reading of the dramshop complaint is before us both by the post-trial motion and the appellant's brief and that the distinction which the defense would have us draw in this respect does not exist.

With reference to the substance of the objection itself we find what appears to be conflicting reasoning in the cases. Plaintiff cites Wendzinski v. Madison Coal Corp., 282 Ill 32, 37, 118 NE 435 (1917), and McCormick v. Kopmann, 23 Ill App2d 189, 200, 161 NE2d 720 (1959). In the Wendzinski case the Illinois Supreme Court stated at page 37:

> "On cross-examination he was asked if he had not made certain charges in his declaration to which his attention was called and which were inconsistent in some respects with his testimony, and the court

admitted the evidence for the purpose of impeachment. The alleged matter of impeachment was not in any paper or writing signed by the witness and did not come under any rule of evidence for the impeachment of a witness. The declaration was the product of the attorney, and it was not even necessary that proof of the charges be made by the testimony of the witness. The court erred in permitting the cross-examination."

In the McCormick case the Third District Appellate Court stated at page 200:

"Where the pleading is in the alternative in different counts, each count stands alone and inconsistent statements contained in a count cannot be used to contradict statements in another count. The intent of the cited section of the Practice Act (Sec 43(2)) is that counts can be pleaded in the alternative regardless of consistency."

On the other hand, defendant cites numerous decisions in support of his contention that the dramshop complaint was admissible. The cases most nearly in point are: Linn v. Clark, 295 Ill 22, 30, 128 NE 824 (1920); In re Estate of Clark, 264 Ill App 544, 547 (1932), and Bennett v. Auditorium Bldg. Corp., 299 Ill App 139, 148, 19 NE2d 626 (1939).

In the Bennett case a three-count complaint had been filed, the third count of which was based upon section 14 of the Dram Shop Act and alleged that defendant sold or gave to plaintiff alcoholic liquor causing her to become intoxicated and as a result thereof she slipped and fell. An amended complaint was filed omitting the third count of the original complaint and during the trial an effort was made to offer the original complaint in which there was an allegation of plaintiff's intoxication.

The Appellate Court for the First District held that the complaint was admissible saying at page 148:

"Upon objection, the evidence was excluded. We think this was error. It must be assumed that plaintiff advised her attorneys of the facts and they drew her complaint accordingly."

■ We believe that in light of the provisions of section 43(2) of the Civil Practice Act (c 110, § 43(2), Ill Rev Stats, 1965), authorizing alternative pleading, the better rule is that the *unverified* alternative pleadings should not be admissible either for impeachment or as admissions against interest. This case does not raise the issue concerning verified alternative pleadings.

■ In Nystrom v. Bub, 36 Ill App2d 333, 184 NE2d 273 (1962), a dramshop proceeding, the trial court refused to admit over plaintiff's objection a complaint which plaintiff had filed at common law against the alleged intoxicant. The opinion states at pages 347 and 348:

"Another point urged by the defendants is that the trial court erred in refusing to admit the defendants' Exhibit No. 2, which was the plaintiff's common law complaint in the separate suit of Nystrom v. Burroughs, on the ground that the complaint contained a judicial pleading admission that Burroughs was overcome by sleepiness and fell asleep at the wheel of his automobile, and in consequence thereof crossed the highway and collided with Nystrom's automobile. That complaint was the separate common law suit by Nystrom against Burroughs, pending in the Circuit Court of Henry County. The defendants, however, refer to only one charge of negligence stated in that case. Actually there were six *alternative* charges against Burroughs, including the charge of driving while intoxicated. That

complaint, as an alternative pleading, is protected by the Civil Practice Act, Ch 110 Ill Rev Stats, 1961, par 43(2), from being introduced as an admission in evidence in this dram shop case. Alternative fact allegations made in good faith and based on genuine doubt are not admissions against interest so as to be admissible in evidence against the pleader: McCormick v. Kopmann et al. (1959) 23 Ill App2d 189, 161 NE2d 720."

For this reason we believe that the trial court erred in admitting and permitting the reading of the dramshop complaint in which the alternative cause of action is pleaded. We feel that these errors require that the case be remanded for a new trial.

Reversed and remanded.

DAVIS and ABRAHAMSON, JJ., concur.