**Tony Hammer, for the Use of Martha Hammer, and for the Use of James Hammer, Michael Hammer, Darlene Hammer and Sherman Hammer, All Minors, by Their Mother and Next Friend, Martha Hammer, Plaintiffs-Appellees, v. Evelyn Plontke, d/b/a Stone Gate Lounge, and Peter Roto, Defendants-Appellants.**

Gen. No. 51,744.

First District, Fourth Division.

July 10, 1968.

Rago, Kiely & Kages, and Richard D. Cronin, of Chicago (Jones & Clark, Vincent M. Clark, of counsel), for appellants.

Hollobow, Warren & Taslitz, of Chicago (Erwin Grombacher and Richard Hollobow, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff filed this action on May 13, 1960, to recover for the use of his family the loss suffered to their means of support resulting from injuries he sustained in an automobile accident on June 17, 1959. The accident was caused by plaintiff's intoxication. Defendant was the tavern owner, whose liability was predicated on the Dram Shop Act. Ill Rev Stats (1959), c 43, § 135. The jury returned a verdict of $20,000 upon which judgment was entered.

Defendant appeals, but raises no question on the issue of liability. He does contend, however, that he was prejudiced on the issue of damages because an evidence deposition of Dr. Clarence Boyd, a neuropsychiatrist, was incompetent and should not have been read to the jury. The deposition, which concerned three separate examinations of plaintiff by Dr. Boyd, included the medical history as related to the doctor by plaintiff and the results of certain tests under plaintiff's control. The first examination took place on December 27, 1962, at the request of the Federal Disability Program, to determine if plaintiff was entitled to certain disability benefits under the Social Security Act. On June 9, 1964, Dr. Boyd examined plaintiff for the Veterans Administration. Finally, on March 25, 1966, he examined plaintiff in preparation for the deposition in question. Defendant argues that a physician who examines a patient for a purpose other than treatment is precluded from testifying about the patient's subjective complaints by reason of the rule excluding hearsay evidence.

However, the point has not been properly preserved for review. Defendant's post-trial motion, which was

denied, did not specify the incompetency of the evidence deposition, or any part of it.* Section 68.1(2) of the Practice Act provides:

> . . . The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, . . . . A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion.

Ill Rev Stats (1965), c 110, § 68.1(2). Defendant's point, newly raised in this court, must be treated as having been waived for purposes of appeal, and may therefore not be considered here. Perez v. Baltimore & O. R. Co., 24 Ill App2d 204, 164 NE2d 209; Handler v. Eckhouse, 45 Ill App2d 382, 195 NE2d 838. County Board of School Trustees v. Batchelder, 7 Ill2d 178, 130 NE2d 175. This waiver rule is based on the sound policy of affording a trial judge the opportunity to reconsider and correct his rulings or otherwise take such action as may be indicated prior to appeal.

It is also sound policy to require timely objections in order to give a party the opportunity to remedy or obviate the basis for objection pertaining to the competency of a deponent or the admissibility of testimony at the time of the taking of a deposition. This policy is expressed in Supreme Court Rule 19-9(3)(a):

> Grounds of objection to the competency of the deponent or admissibility of testimony which might have been corrected if presented during the taking of

---

* The grounds for relief urged in the post-trial motion were: (1) there was no evidence to support the verdict; (2) the verdict was contrary to the evidence; (3) the verdict was contrary to the law; and (4) there was no competent evidence adduced that plaintiff became intoxicated by reason of defendant's conduct. None of these points is argued on appeal.

the deposition are waived by failure to make them at that time; otherwise objections to the competency of the deponent or admissibility of testimony may be made when the testimony is offered in evidence.

Ill Rev Stats (1965), c 110, § 101.19–9(3)(a); cf. Supreme Court Rule 211(c)(1), Ill Rev Stats (1967), c 110A, § 211(c)(1). Defendant made no objections at the time the deposition was taken.

There being no other issue presented for review, the judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.