JOHN B. LEGERSKI *et al.*, Plaintiffs-Appellants, *v.* JOHN F. NOLAN, Defendant-Appellee.

(No. 70-76;

Second District—January 11, 1971.

Donovan, Dichtl, Atten, Mountcastle & Roberts, of Wheaton, for appellants.

Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

A ·collision occurred on January 12th, 1968, at approximately 11:30 P.M. between a car driven in an easterly direction by the plaintiff John B. Legerski and defendant's car proceeding in a westerly direction on 75th Street in Lisle Township, Du Page County. In the trial of the action brought by Legerski in his behalf and for his two minor children as passengers, the jury returned a general verdict for the defendant and answered "No" to the special interrogatory on the issue of John Legerski's contributory negligence.

Plaintiffs claim that the trial court erred in refusing to direct a verdict or to enter judgment *n.o.v.* and ask that the cause be remanded for trial

on the issue of damages. Alternatively, they request a new trial, urging that the special and general verdicts are inconsistent and that improper conduct of defense counsel deprived them of a fair trial.

John Legerski testified that the left front of defendant's car crossed the center line and that although he moved his car some two to three feet closer to the right edge of the pavement, his car was struck while he was in his proper east-bound lane; that it was snowing and raining but that the snow was sticking not to the highway but only to the grass portions of the area; and that he could see the dashed center line. Sally Legerski also testified that it was lightly snowing but she could see the center line and that defendant was in their lane at the time of the collision. Nancy Legerski testified that she saw defendant's car cross the center line. She testified she could not remember seeing the center line itself but that there was no snow on the street to prevent her seeing the center line had she looked at it.

No other eyewitness testimony was offered. Defendant offered evidence that he suffered retrograde amnesia from the injuries received in the collision and gave no testimony regarding the facts of the occurrence. His last recollection was that at about one-half mile east of the scene of the accident, 75th Street was snow-packed and that it was then snowing. Each of the two Cooper brothers, who arrived in their truck at the scene shortly after the occurrence and who took the Legerski girls to the hospital, testified that the street at the scene was slick and snow-packed and that he could see neither the center line nor the black asphalt pavement. One testified that he was not sure whether it was snowing lightly or not at all when they arrived, and the other testified that it was not snowing at that time. They testified that they could not be sure that the front end of defendant's car came to rest somewhat across the center line into plaintiff's lane since the center line was not visible, but that a semi-trailer truck in the east bound lane did manage to pass the defendant's car without having to go off onto the shoulder. (Sally Legerski testified that only a minute or so had elapsed between the time of the collision and the time when help arrived and that the street was in approximately the same condition when the Coopers arrived as when the collision occurred, although she maintained that the street was clear and the center line was visible at that time.)

Officer Cary testified that he received a report of the accident about 11:55 P.M. and arrived at the scene some ten to fifteen minutes later. At that time the Coopers had already left. The officer testified that on the way he ran into snow and slick roads, that it was snowing at the scene and snow had covered any debris, that there was about one inch of snow on the street at the scene and that he could not see the center line.

The officer also testified that John Legerski stated at the scene that he did not know what had happened.

The evidence was uncontroverted that after the impact the defendant's car came to rest pointing southeasterly across 75th Street and that the plaintiff's station wagon came to rest in some bushes on the north side of 75th Street, some one hundred feet east of the point of impact.

■■ Both parties agree that the standards set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 510 are applicable here to test the court's refusal to grant the plaintiff's motion for a directed verdict or for judgment *n.o.v.* However, it is plaintiffs' position that since positive direct eyewitness testimony was available, circumstantial evidence cannot be considered in contradiction when the *Pedrick* rule is applied. We know of no authority which so holds. Our courts have consistently held that circumstantial evidence is not inferior to or outweighed by direct evidence but that it is up to the jury to determine which evidence is entitled to the greatest credit in the particular case. (See, *e.g., Slack v. Harris,* 200 Ill. 96, 113 (1902).) Positive direct testimony may be contradicted and discredited by circumstantial evidence, discrepancies, omissions or the inherent probability of the testimony itself. *Lobravico v. Checker Taxi Co., Inc.,* 84 Ill.App.2d 20, 27 (1967).

■■ Here, plaintiffs' case was predicated upon the testimony of interested eyewitnesses that defendant had crossed a visible center line to cause the accident. Against this evidence the jury could consider the testimony of the after-occurrence witnesses that the center line was not visible, the position of the vehicles after the accident, and the impeaching effect of John Legerski's statement following the accident in determining that plaintiffs had not established their burden of proving that defendant came over into the wrong lane to cause the accident. (See *Ladd v. Ruck,* 108 Ill.App.2d 379, 382, 383 (1969); *Biggerstaff v. Estate of Nevin,* 2 Ill.App.2d 462, 471 (1954).) We, therefore, conclude that the trial court properly denied both the motion for a directed verdict and for a judgment *n.o.v.* since it cannot be said that the evidence, when viewed in its aspect most favorable to the defendant, so overwhelmingly favors the plaintiffs that no contrary verdict based on that evidence could stand.

■■ We find no inconsistency between the jury's special verdict that John Legerski was not guilty of contributory negligence and the general verdict that defendant was not liable. Under the circumstances of this case, to find that the plaintiff driver was not guilty of contributory negligence does not necessitate a finding that the defendant was guilty of negligence which was the proximate cause of the accident. Given the weather conditions which the jury could consider in weighing the testi-

mony, the jury could well have found that the collision was an unavoidable accident caused, for example, by these conditions rather than by any negligence of the defendant or of the plaintiff driver.

■■ Plaintiffs' alternative request for a new trial is based upon comments made by counsel for defendant in closing argument. The plaintiffs complain that defense counsel argued that John Legerski was speeding and that the occurrence took place in the west-bound lane, contrary to the eyewitness testimony. The comments were based upon the circumstantial evidence as to the position of the vehicles after the accident and were, therefore, not improper. We again reject plaintiffs' argument that circumstantial evidence cannot establish defendant's theory of the case because *plaintiffs* were eyewitnesses.

■■■ Similarly, we find no prejudicial error in defense counsel's arguing that plaintiffs were "lying". The comments were connected with the after-occurrence testimony that the center line was not visible, contradicting the testimony of plaintiff John Legerski and his daughters that it was. An attack on the credibility of a witness or a party is authorized when it is a reasonable inference which may be drawn from the evidence. *People v. Weaver* (1959), 18 Ill.2d 108, 115; *Commonwealth Electric Co. v. Rose* (1905), 214 Ill. 545, 562; *Forslund v. Chicago Transit Authority* (1956), 9 Ill.App.2d 290, 305, 306.

We have also been directed to several portions of the closing argument which were improper and to which objection was sustained, by the trial court. We have considered the entire argument and are of the opinion that, considering the remarks in their cumulative effect, they were not sufficiently prejudicial to deprive plaintiffs of a fair trial.

Judgment affirmed.

T. MORAN, P. J., and ABRAHAMSON, J., concur.