ROGER LEWIS, Plaintiff-Appellant, *v.* KATHLEEN BECKMAN, Defendant-Appellee.

First District (5th Division)   No. 77-847

Opinion filed February 10, 1978.

Ernest K. Koehler, of Chicago, for appellant.

Meyers & Matthias, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment entered on a jury verdict in favor of defendant in an action for personal injury and property damage resulting from a collision of automobiles. On appeal, the issues presented by plaintiff are (1) whether the court erred in granting a motion in limine precluding any reference to defendant's involvement in a prior accident; and (2) whether the jury's answer to a special interrogatory is inconsistent with and thus controlling of its general verdict.

The record contains no report of proceedings; however, plaintiff's complaint alleges that defendant drove into an intersection against a red traffic light and collided with his vehicle, as a result of which he was injured and his automobile damaged.

Prior to trial, defendant moved in limine to exclude any reference to an accident in which she was involved only hours before the collision in question. The motion was granted, and thereafter the jury returned a general verdict in favor of defendant, but in a special interrogatory answered that plaintiff was free from contributory negligence.

OPINION

The first point raised on appeal by plaintiff is that the granting of the motion in limine precluded her from using a statement allegedly made by defendant regarding her involvement in an accident shortly before the collision in question while driving the same automobile. Plaintiff contends that testimony concerning the statement should have been received in evidence under the excited utterance exception to the hearsay rule.

■■ We initially note that this point was not raised in plaintiff's post-trial motion and that Supreme Court Rule 366 specifies the scope of review in jury cases as follows:

"A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion." Ill. Rev. Stat. 1975, ch. 110A, par. 366(b)(2)(iii).

In his post-trial motion, plaintiff's sole contention was that the special interrogatory finding was inconsistent with the general verdict. No mention was made in the post-trial motion of the preclusion order or of plaintiff's present contention that defendant made a statement which should have been admitted under the excited utterance exception. Thus, the question of the propriety of the preclusion order and the admissibility of any statement of defendant, not having been raised in the post-trial motion, must be treated as having been waived for the purposes of appeal and will not be considered here. (*Reed v. Williams* (1973), 9 Ill. App. 3d 742, 292 N.E.2d 426; *Keil v. McCormick* (1972), 5 Ill. App. 3d 523, 284

N.E.2d 672; *Hammer v. Plontke* (1968), 98 Ill. App. 2d 235, 237, 240 N.E.2d 429, 430.) The underlying rationale for this waiver principal, as stated in *Hammer*, is based on "the sound policy of affording a trial judge the opportunity to reconsider and correct his rulings or otherwise take such action as may be indicated prior to appeal."

Moreover, even were we to consider this first contention of plaintiff, we would find it to be without merit, because the elements necessary to qualify any statement of defendant under the excited utterance exception are not present.

■■ Three elements are required before an out-of-court statement qualifies as an excited utterance—(1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement by the declarant; (2) the absence of time available to the declarant in which to fabricate his declaration; and (3) a declaration relating to the substance of the exciting occurrence. (*People v. Poland* (1961), 22 Ill. 2d 175, 174 N.E.2d 804; *Mangan v. F. C. Pilgrim & Co.* (1975), 32 Ill. App. 3d 563, 336 N.E.2d 374; *People v. Freeman* (1969), 113 Ill. App. 2d 7, 251 N.E.2d 310.) The determination as to whether these elements are present is within the discretion of the trial court *People v. Kilgore* (1976), 39 Ill. App. 3d 1000, 350 N.E.2d 810; *Mangan v. F. C. Pilgrim & Co.; Murphy v. Hook* (1974), 21 Ill. App. 3d 1006, 316 N.E.2d 146; *People v. Torres* (1974), 18 Ill. App. 3d 921, 310 N.E.2d 780 and, in each case, the question of admissibility must be decided upon its own facts *Peterson v. Cochran & McCluer Co.* (1941), 308 Ill. App. 348, 31 N.E.2d 825.

In the instant case, we have no facts in the record from which to determine whether any statement of defendant could qualify as an excited utterance. No report of proceedings was included, and the transcript of the in limine proceedings discloses that no offer of proof was made as to any facts that would be elicited to establish the elements of an excited utterance. Where there is no other satisfactory indication of the substance of evidence, an offer of proof should be made. *Schusler v. Fletcher* (1966), 74 Ill. App. 2d 249, 219 N.E.2d 588.

Furthermore, the only statement of defendant mentioned by plaintiff's counsel in the hearing was referred to by him as an admission against interest. This comment, of course, has no probative value; but, in any event, the court stated that any admission of defendant would be beyond the scope of defendant's motion and could be admissible. Thus, it appears that plaintiff was not precluded from introducing evidence concerning that or any other statement of defendant which was an admission against interest.

Next, plaintiff contends that the jury's general verdict for defendant and its answer to the special interrogatory finding that the plaintiff was not guilty of contributory negligence are inconsistent and irreconcilable. He

argues the finding in the special interrogatory that plaintiff was free from contributory negligence was inconsistent with the general verdict which he maintains was a finding that defendant was not negligent and that, under the circumstances, the special finding was controlling so that the judgment should be reversed and remanded for a trial on the issue of damages only.

Special interrogatories are used for the purpose of testing a general verdict against a jury's conclusion as to the ultimate controlling facts. (*Freehill v. De Witt County Service Co.* (1970), 125 Ill. App. 2d 306, 313, 261 N.E.2d 52, 55.) Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 65) provides in part:

> "The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. Special interrogatories shall be tendered, objected to, ruled upon and submitted to the jury as in the case of instructions. Submitting or refusing to submit a question of fact to the jury may be reviewed on appeal, as a ruling on a question of law. *When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly.*" (Emphasis added.)

■■ The reasons underlying the rule that an answer to a special interrogatory controls an inconsistent general verdict was expressed in *First National Bank of Elgin v. Szwankowski* (1969), 109 Ill. App. 2d 268, 275, 248 N.E.2d 517, 521:

> "Part of the rationale supporting the practice of propounding an interrogatory to a jury is that a jury more clearly comprehends a particularized special interrogatory than a composite of all the questions in a case, and therefore, presumably, the jury has more intensively focused its attention upon the question presented."

The statutory inconsistency referred to in section 65 exists only when the special findings are clearly and absolutely irreconcilable with the general verdict. *Cohen v. Sager* (1971), 2 Ill. App. 3d 1018, 278 N.E.2d 453.

In determining any such inconsistency, the interrogatory must be considered alone, unaided by any presumptions in its favor and without looking at the evidence. *Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150 N.E. 276; *Hulke v. International Manufacturing Co.* (1957), 14 Ill. App. 2d 5, 142 N.E.2d 717.

■■ In the instant case, we believe that the trial court correctly found that there was no inconsistency. Contrary to the contention of plaintiff, the general verdict was not necessarily a finding that defendant was not negligent, as there were alternative findings the jury could have made. In addition to a showing of due care on his part, plaintiff was required to

establish a duty owed by defendant to him, a breach of that duty by defendant, and that injury or damage proximately resulted from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617; *Lasko v. Meier* (1946), 394 Ill. 71, 67 N.E.2d 162.) Here, although we have no report of proceedings, we assume that the jury was so instructed; however, the record presented to us does disclose that defendant disputed the injuries and property damage claimed by plaintiff. Thus, the jury could have found that plaintiff's claimed injury and damage either was non-existent or not proximately caused by defendant's negligence. In the light thereof, we hold that the special interrogatory was reconcilable with the general verdict.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.