JACQUES TOLEFREE, a Minor, by Maudell Tolefree, his Mother and Next Friend, Plaintiff-Appellant, *v*. L. C. MARCH, Defendant-Appellee.

First District (4th Division)   No. 80-1959

Opinion filed August 27, 1981.

Heller & Morris and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen, of counsel), for appellant.

Orner, Wasserman &· Moore, of Chicago (Norton Wasserman and H. Elisabeth Huber, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:
On May 28, 1975, plaintiff, Jacques Tolefree, a minor, by Maudell Tolefree, his mother and next friend, filed a personal injury action against

defendant, L. C. March, in the circuit court of Cook County. Plaintiff alleged that defendant carelessly and negligently operated the motor vehicle that caused injury to plaintiff. On April 28, 1980, at the close of plaintiff's case, defendant's motion for a directed verdict was granted. On May 23, 1980, plaintiff filed a post-trial motion for a new trial which was denied. Plaintiff filed a notice of appeal.

On appeal, plaintiff presents the following issues for review: (1) whether the trial court improperly excluded an offer of proof with respect to a witness' testimony and (2) whether plaintiff presented sufficient evidence to avoid a directed verdict.

We affirm.

On the first day of trial, plaintiff informed the court that James Strong, an occurrence witness, might testify in the case. The court indicated that if the witness did testify, defendant must be given time to take an oral or written deposition.

After taking the discovery deposition of James Strong, defendant moved to bar his identification testimony. Defendant argued that the identity of the occurrence witness should have been revealed sooner and that Strong did not see the driver of the car, according to his testimony. Plaintiff responded that the testimony of Strong was not that he did not see defendant but that he did not know defendant. Plaintiff acknowledged that defendant had a right to attack Strong's credibility to the jury if his testimony was submitted. The court barred Strong's testimony on the basis of availability and competency.

Plaintiff's offer of proof as to Mary Bond's statement which would have shown that Strong had ample opportunity to observe the driver was denied. An offer of proof which would have read into the record portions of Strong's discovery deposition was also denied. The calling of James Strong as a witness was again denied by the court.

Maudell Tolefree testified that on July 21, 1973, between 2:30 and 3 p.m., her son, Jacques, was struck by an automobile. The witness indicated that Jacques was in intensive care for 1 week and remained in the hospital for 3 weeks thereafter. Jacques had a cast on his right leg. Jacques returned to the hospital in October 1973 for 2 weeks. A nurse was sent to their home so that Jacques could have physical therapy to learn how to use his leg again.

Jacques Tolefree's testimony indicated that he did not remember anything specific about the car accident. He had not seen a doctor since 1974. The witness also indicated that he can do all of the things other children his age can do; play basketball, run, and exercise. Jacques stated that sometimes his leg hurts when he plays ball for a long period of time.

Defendant March testified that on July 21, 1973, he lived at 1347 West

15th Street, or he might have been living at 4325 West 15th Street, Chicago. According to the witness, he called and informed the police that his car was stolen after July 4th, on a Saturday. On that date, July 21, 1973, he finished work at noon, but he did not leave the premises until 1 p.m. Thereafter, he went to a tavern with some friends for approximately 3 to 3½ hours. He proceeded home around 4:30 p.m. He reported his car missing around 6 p.m.

Officer Philip Lane testified that he did not investigate the accident itself but he had a discussion with defendant concerning the case on July 21, 1973, at approximately 6 p.m., at defendant's home, 4315 West 15th Street. He informed March that his automobile had been recovered and that it had been involved in a hit-and-run accident. The color of the car was white over brown; the license number was VA725, Illinois 1973. The tires had been removed from the car and the ignition was damaged. Defendant told Officer Lane that the car was stolen sometime between 5:45 a.m. and 4:30 p.m. that day. The officer testified that the car was recovered at 3 p.m.

Mary Bond testified that she saw the boy crossing the street and observed the automobile accident. She stated that the accident occurred at 4 p.m., but she was not certain. The car was traveling faster than the speed limit, but the driver reduced the speed of the car after hitting the boy. The witness did not know whether she would be able to give a positive identification of the driver of the car if she saw him again. She identified the driver of the automobile as being a black male, but she was not sure whether he had a beard or facial hair. When she first observed the boy, he was to her right, on the corner, in the process of crossing the street. The car was less than 1 block away when she first saw it; it bore the letters, "GTO." When Bond gave a statement on February 9, 1974, she stated she could not describe the automobile, but there were others at the scene who had information as to the license number and the make of the car.

Dorothy March, defendant's sister-in-law, testified that on July 21, 1973, defendant came home late in the evening. She had a conversation with defendant; then they called the police. The last time she saw defendant's car was on Friday evening after he came home from work.

B. B. Stokes, defendant's co-worker, testified that defendant rode with him to work on Saturday, July 21, 1973. The witness and defendant did not go directly home; they went to a tavern. He dropped March off at his house around 5 or 5:30 p.m.

At the close of plaintiff's case, defendant moved for a directed verdict. Defendant's motion was granted. Plaintiff's post-trial motion for a new trial was denied. This appeal followed.

Plaintiff contends the trial court improperly excluded an offer of proof with respect to the testimony of James Strong, an occurrence witness.

■■ The purpose of an offer of proof is to inform the trial court, opposing counsel, and a court of review of the nature and substance of the evidence sought to be introduced. (*Volvo of America Corp. v. Gibson* (1980), 83 Ill. App. 3d 487, 491, 404 N.E.2d 406, 409; *People v. Rosa* (1977), 49 Ill. App. 3d 608, 613, 364 N.E.2d 389, 393.) In order to preserve a question for review where, as here, the trial court refuses to allow the testimony of a witness as to a certain matter, a formal offer of proof is required unless it is apparent that the trial court clearly understood the nature and character of the evidence sought to be introduced. (*Volvo*, at 491; *Schusler v. Fletcher* (1966), 74 Ill. App. 2d 249, 253, 219 N.E.2d 588, 590, *appeal denied* (1967), 35 Ill. 2d 630), or where the questions themselves and the circumstances surrounding them show the purpose and materiality of the evidence. *Volvo*, at 491.

■■ In the instant case, the certified report of proceedings indicated the questions which were addressed to Strong during the taking of his deposition. We are of the opinion that this sufficiently advised the trial court of the nature and character of the evidence sought to be introduced. Furthermore, the substance of Strong's testimony was before the trial court, obviating a need for an offer of proof. *Schusler*, at 253.

From the foregoing, we are unable to find that the proposed offer of proof should have been received or that prejudice resulted from its exclusion by the trial court.

Finally, plaintiff contends that sufficient evidence was presented to avoid a directed verdict. Plaintiff argues that there was evidence the vehicle in question bore license number VA725 and this vehicle was owned by defendant. Moreover, proof of ownership raises a presumption that the vehicle was under the defendant's control at the time of the accident.

■■ It has been held in automobile injury cases that proof of ownership raises a presumption that the machine was under defendant's control at the time of the accident, and the burden of rebutting this inference then passes to the latter. (*Robinson v. Workman* (1956), 9 Ill. 2d 420, 427, 137 N.E.2d 804, 808.) Illinois has generally followed the prevailing view that a presumption ceases to operate in the face of contrary evidence. (*Diederich v. Walters* (1976), 65 Ill. 2d 95, 102, 357 N.E.2d 1128, 1131.) Here, defendant testified that his car was stolen and that he was at a tavern at the time of the automobile accident. B. B. Stokes' testimony confirmed that he and defendant were at a tavern at the time of the accident. Dorothy March stated that she was aware of the car being stolen when defendant arrived home that evening. Once this contrary testimony was

introduced, the presumption ceased to operate. See generally *Diederich*, at 102; *McElroy v. Force* (1967), 38 Ill. 2d 528, 232 N.E.2d 708.

■■ It cannot, here, be contended upon this record that a directed verdict for defendant should not have been entered. In *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, our supreme court set forth the applicable standard to determine whether a trial court should enter a directed verdict. The court stated:

> "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick*, at 510.)

In applying the *Pedrick* standard to the facts presented here, we hold that the trial court did not err in the finding that all evidence, when viewed in its aspect most favorable to plaintiff, so overwhelmingly favors defendant that no contrary verdict based on that evidence could ever stand. Plaintiff did not present sufficient evidence to avoid a directed verdict.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI, P. J., and LINN, J., concur.