GEORGE ZOIS, a Minor, by Chriso Zois, his Father and Next Friend, Plaintiff-Appellant, *v.* JOSEPHINE PINIARSKI, Defendant-Appellee.

First District (5th Division)    No. 80-3047

Opinion filed June 25, 1982.

Rosenfield, Kaplan & Halperin, of Chicago, for appellant.

Tim J. Harrington, of Chicago (Edward O'Donnell and Robert Guilfoyle, of counsel), for appellee.

JUSTICE WILSON delivered the opinion of the court:

This is an appeal from a judgment entered in favor of defendant by the trial court on the basis of a special interrogatory which indicated that plaintiff was guilty of contributory negligence. The issue raised on appeal is whether the special interrogatory was ambiguous and did not test the general verdict and, thus, should have been refused by the court. A detailed recitation of the facts is not necessary and only those facts germane to the issue raised will be discussed here.

Plaintiff, an eight-year-old child, sought compensatory damages as a result of being struck by an automobile being driven by defendant. The trial court submitted defendant's special interrogatory to the jury, which read as follows:

> "Was the Plaintiff, GEORGE ZOIS, a minor before and at the time of the occurrence, guilty of negligence which proximately caused the injury complained of? When I use the word negligence with respect to this Plaintiff, I mean that degree of care that a reasonably careful minor of the age, mental capacity and experience of the Plaintiff would use under circumstances similar to those shown by the evidence."

The jury returned a general verdict for plaintiff in the amount of $10,000 but also answered the special interrogatory in the affirmative. Judgment was then entered in favor of defendant based on the answer to the special interrogatory.

OPINION

Plaintiff posits that the special interrogatory and answer thereto was ambiguous, did not test the general verdict, and thus it was error for the trial court to submit it to the jury. We agree.

■■ The function of a special interrogatory is to require the jury's determination as to one or more specific issues of ultimate fact and is a check upon the deliberations of the jury. (*Vuletich v. Bolgla* (1980), 85 Ill. App. 3d 810, 407 N.E.2d 566.) Generally, an inconsistent special finding controls a general verdict as a matter of common law, even if the statute does not expressly so provide. (*Albaugh v. Cooley* (1981), 87 Ill. 2d 241, 429 N.E.2d 837; *Iverson v. Iverson* (1977), 56 Ill. App. 3d 297, 370 N.E.2d 1135.) An "inconsistency" between the special finding and the general verdict exists only when special findings are clearly and absolutely irreconcilable with the general verdict. In determining any such inconsistency, the special interrogatory must be considered alone, unaided by any presumptions in its favor and without looking at the evidence. (*Lewis v. Beckman* (1978), 57 Ill. App. 3d 482, 373 N.E.2d 589.) Thus, the interrogatory should contain a single direct question and should not be repetitious, misleading, confusing or ambiguous and should use the same

language or terms as are contained in the instructions. *Hocking v. Rehnquist* (1968), 100 Ill. App. 2d 417, 241 N.E.2d 337, *rev'd on other grounds* (1969), 44 Ill. 2d 196, 254 N.E.2d 515.

In the pending matter, we believe the special interrogatory is confusing and misleading as it improperly defines "negligence" of a minor.

The interrogatory defines the word "negligence" as "that degree of care that a reasonable, careful minor of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence." Thus, in effect, the special interrogatory defines "negligence" as "due care."

■■ Further, the answer to the special interrogatory does not appear to be inconsistent with the general verdict because the jurors answer of "yes" to the interrogatory could mean that the jury determined[1] that the plaintiff exercised that degree of care that a reasonable, careful minor of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence. Consequently, the answer to the special interrogatory would not be inconsistent with the general verdict and judgment should not have been entered in favor of defendant. A special finding will control a general verdict only when the two are inconsistent. (*Iverson v. Iverson.*) A faulty special interrogatory can be cured when other instructions and the evidence indicate that the jury was not confused by the interrogatory to the detriment of the plaintiff. (*Bruske v. Arnold* (1969), 44 Ill. 2d 132, 254 N.E.2d 453.) However, other instructions in the record do not cure this deficiency.

For the foregoing reasons, we vacate the judgment of the circuit court and remand this matter with directions to enter judgment in favor of plaintiff in the amount of $10,000 in accordance with the jury verdict.

Judgment vacated; remanded, with directions.

SULLIVAN, P. J., and LORENZ, J., concur.

---

[1] An interpretation of the jury's answer to the special interrogatory to the effect that plaintiff did not use that degree of care that a reasonable, careful minor of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence could not reasonably and logically be made because the interrogatory does not include the phrase "failure to exercise" after the word "mean" in the last sentence. With this phrase omitted, the form of the interrogatory is additionally confusing as to its meaning.