GEORGE W. DOBCZYK, Plaintiff-Appellee, v. REBECCA KNOWLES, Defendant-Appellant.

Third District    No. 3—83—0069

Opinion filed November 30, 1984.

BARRY, J., dissenting.

Sidney Z. Karasik, of Chicago, and Lawrence J. Stukel, of Robson, Masters, Ryan, Brumund & Belom, of Joliet, for appellant.

Theodore J. Jarz, of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from an automobile collision at an intersection in Lockport at 7:30 a.m. on September 19, 1975. This intersection is an open intersection with no stop signs in either direction. George Dobczyk, who was injured in the collision, sued Rebecca Knowles for negligence. This case was tried before the doctrine of comparative negligence was adopted in Illinois in 1981. At the defendant's request, the jury was given a special interrogatory asking it to determine whether the plaintiff had contributed to the cause of his injuries. The jury returned a general verdict in favor of the defendant and answered the special interrogatory "No." The trial court refused to enter judgment for the defendant and ruled that the general verdict and the answer to the special interrogatory were inconsistent and ordered a new trial on all issues. The defendant was granted leave to appeal pursuant to Supreme Court Rule 306 (Ill. Rev. Stat. 1983, ch. 110A, par. 306).

The sole issue raised on appeal is whether in fact the general verdict in favor of defendant is inconsistent with the special interrogatory which found that plaintiff was not guilty of contributory negligence.

Under the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1108), "When a special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may enter judgment accordingly." Illinois courts have interpreted this provision as requiring that an inconsistency be found "only when the special findings are clearly and absolutely irreconcilable with the general verdict." (*Lewis v. Beckman* (1978), 57 Ill. App. 3d 482, 485, 373 N.E.2d 589, 592.) We disagree with the trial court that the special interrogatory was clearly and absolutely irreconcilable with the general verdict.

We base our conclusion upon several Illinois Appellate Court cases which have determined that the jury's determination that plaintiff was not guilty of contributory negligence and the general verdict in favor of defendant are not inconsistent. These two determinations merely indicate that the plaintiff has failed to prove his case. In both *Calcese v. Cunningham Cartage, Inc.* (1975), 25 Ill. App. 3d 1094, 322 N.E.2d 620, and *Legerski v. Nolan* (1971), 132 Ill. App. 2d 51, 265 N.E.2d 696, weather conditions created a situation where the collision could have been an unavoidable accident. We believe that the circumstances in this case present an analogous situation here because trees obstructed the defendant's view of the intersection and there was no definitive evidence as to who approached the intersection first, plaintiff or defendant. Therefore, neither party must be guilty as a matter of law, and the verdicts were, therefore, consistent.

The trial court relied upon *Finnegan v. Davis* (1979), 68 Ill. App. 3d 118, 385 N.E.2d 1103, which we find is easily distinguishable from the facts in this case. In *Finnegan*, a pickup truck and a motorcycle collided, causing plaintiff decedent's death. The appellate court ruled that the jury's "No" answer to the special interrogatory as to contributory negligence and the general verdict in favor of defendant were inconsistent because one of the parties was guilty as a matter of law. However, the court in *Finnegan* stated:

"We rule that it may under the unusual circumstances of this case, where under the evidence, the collision giving rise to the action could not have resulted from pure accident and must have been proximately caused by either plaintiff's decedent or defendant." (68 Ill. App. 3d 118, 119.)

In *Finnegan*, the road upon which the collision occurred was wide

enough for two automobiles to pass, there were no adverse weather conditions and nothing to obstruct either party's view. As we pointed out, the facts in this case are substantially different. There was testimony at trial that branches obstructed defendant's view. Also, we believe that an open intersection collision can result from pure accident, unlike the head-on collision in *Finnegan* where one of the parties must have crossed the center line. Because this collision could have resulted from a pure accident we find that the special interrogatory and the general verdict were not inconsistent.

We, therefore, reverse the decision of the circuit court of Will County granting a new trial and remand this case with instructions to enter judgment in favor of the defendant on the general verdict.

Reversed and remanded.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

While I agree with the majority that there are Illinois Appellate Court cases which have held that a jury's determination that a plaintiff was not guilty of contributory negligence and a general verdict in favor of a defendant are not inconsistent, I do not agree that such is true in the case before us. Under some factual conditions, including the one here, the general verdict for defendant and the special verdict for plaintiff would be inconsistent.

The trial court filed a written memorandum of opinion when it granted plaintiff a new trial, and in that memorandum, the court made several findings of fact, among which was an express finding that plaintiff was already in the intersection when he saw defendant approaching on 12th Street. Unless the record fails to support the trial court's finding, I believe a reviewing court is required to accept it. Here we cannot say that the record fails to support the trial court's finding, since the record on appeal does not include the testimony of the witnesses at trial (only the testimony of the rebuttal witnesses). The majority opinion states that there was "no definitive evidence" as to who approached the intersection first—an observation that cannot be substantiated on the basis of the incomplete record before this court. We are, of course, required to presume that the omitted evidence was sufficient to support the decision of the trial court. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.) I cannot agree with the majority that the trial court should be reversed on the theory that the unknown evidence must not have supported the trial court.

Under the Illinois Vehicle Code, defendant was required to yield the right-of-way to a vehicle on her right approaching the intersection at approximately the same time (Ill. Rev. Stat. 1975, ch. 95½, par. 11—901), and defendant was also required to reduce speed to avoid colliding with a vehicle which had entered the intersection ahead of her vehicle (Ill. Rev. Stat. 1975, ch. 95½, par. 11—601(a)). Presuming, as a reviewing court must, that here the plaintiff was in the intersection either at the same time or in advance of the defendant, then defendant must have violated one of those provisions of the Illinois Vehicle Code and must have been guilty of some degree of negligence.

I am convinced that defendant has failed to meet her burden of showing that the trial court abused its discretion in granting plaintiff a new trial, and therefore, I would affirm.